UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCOSIN
MILWAUKEE DIVISION

GONZALO MORA,

JESUS GARCIA MACARIO,

      and                                  CASE NO.: 14-CV-862

NASARIO SALAZAR                     JURY TRIAL DEMANDED

      Plaintiffs,

      v.

YIANNIS, INC. d/b/a
PALLAS RESTAURANT,

ATHOS, INC. d/b/a
PALLAS RESTAURANT,

      and

GEORGE GLAVAS,

      Defendants.

## COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiffs Gonzalo Mora, Jesus Garcia Macario, and Nasario Salazar individually and on behalf of the members of the proposed class identified below. Plaintiffs and the putative class members are or were, employed as Cooks and/or Dishwashers by Defendants Yiannis, Inc. d/b/a Pallas Restaurant, Athos, Inc. d/b/a Pallas

Restaurant, and George Glavas. It is the uniform policy and practice of Yiannis, Inc. d/b/a Pallas Restaurant, Athos, Inc. d/b/a Pallas Restaurant, and George Glavas to deny its Cooks and Dishwashers payment of minimum and overtime premium wages for work which its Cooks and Dishwashers are suffered or permitted to perform at Pallas Restaurant.

2. Yiannis, Inc. d/b/a Pallas Restaurant and Athos, Inc. d/b/a Pallas Restaurant operate Pallas Restaurant in West Allis, Wisconsin. Mr. George Glavas is the owner of Yiannis, Inc. d/b/a Pallas Restaurant and Athos, Inc. d/b/a Pallas Restaurant.

3. Plaintiffs Mora, Garcia Macario, and Salazar bring this action, individually and on behalf of other similarly situated current and former Cooks and Dishwashers as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiffs also brings this action on their own behalves for the purpose of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the District and Defendants Yiannis, Inc. d/b/a Pallas Restaurant, Athos, Inc. d/b/a Pallas Restaurant, and George Glavas have substantial and systematic contacts in this District.

## PARTIES

7. Defendant Yiannis, Inc. d/b/a Pallas Restaurant ("Yiannis, Inc.") is a Wisconsin Corporation with a principal place of business in West Allis, Wisconsin. Yiannis, Inc.'s registered agent for service of process in the State of Wisconsin is George Glavas.

8. Defendant Yiannis, Inc. operates Pallas Restaurant, located at 1657 S. 108th Street, West Allis, Wisconsin 53214.

9. Defendant Athos, Inc. d/b/a Pallas Restaurant is a Wisconsin Corporation with a principal place of business in West Allis, Wisconsin. Athos, Inc.'s registered agent for service of process in the State of Wisconsin is George Glavas.

10. On information and belief, Defendant Athos, Inc. operates Pallas Restaurant, located at 1657 S. 108th Street, West Allis, Wisconsin 53214.

11. Defendant George Glavas ("Glavas") is an adult resident of the State of Wisconsin.

12. On information and belief, Defendant Glavas is the owner of Yiannis, Inc. and Athos, Inc. and oversees the day-to-day operations, and has control over the compensation and human resources aspects of Yiannis, Inc. and Athos, Inc.

13. Defendants Yiannis, Inc., Athos, Inc., and Glavas are joint employers and will be collectively referred to as "Pallas Restaurant" hereinafter.

14. Plaintiff Gonzalo Mora is an adult resident of Milwaukee County in the State of Wisconsin. Mora is a former employee of Pallas Restaurant who worked as a Cook during the time period prescribed by the applicable statute of limitations. Mora's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and is made a part of this Complaint.

15. Plaintiff Alejandro Jesus Garcia Macario ("Garcia Macario") is an adult resident of Milwaukee County in the State of Wisconsin. Garcia Macario is a former employee of Pallas Restaurant who worked as a Dishwasher during the time period prescribed by the applicable statute of limitations. Garcia Macario's Notice of

Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B and is made a part of this Complaint.

16. Plaintiff Nasario Salazar ("Salazar") is an adult resident of Milwaukee County in the State of Wisconsin. Pena is a former employee of Pallas Restaurant who worked as a Dishwasher during the time period prescribed by the applicable statute of limitations. Salazar's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit C and is made a part of this Complaint.

17. Plaintiffs Mora, Garcia Macario, and Salazar bring this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Overtime Collective Class** is defined as follows:

> All persons who are or have been employed by Pallas Restaurant as a Cook and/or Dishwasher and who were not paid at a rate of one and one-half times their regular rate of pay for hours worked over forty hours in any given workweek within the three years prior to this action's filing date.

18. Plaintiffs Garcia Macario and Salazar bring this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Minimum Wage Collective Class** is defined as follows:

> All persons who are or have been employed by Pallas Restaurant as a Dishwasher and who were not paid at least $7.25 per hour for all hours worked in any given workweek within the three years prior to this action's filing date.

19. The Overtime Collective Class and Minimum Wage Collective Class will be collectively referred to as the "Collective Classes" hereinafter.

## GENERAL ALLEGATIONS

20. Mora, Garcia Macario, and Salazar and the members of the Collective Classes work, or have worked, for Pallas Restaurant as Cooks and/or Dishwashers since July 25, 2011.

21. Since July 25, 2011, Pallas Restaurant has established and continues to establish the weekly schedule for Mora, Garcia Macario, Salazar and the Collective Classes, including requiring Cooks and Dishwashers to work more than forty hours in a workweek.

22. Pallas Restaurant has suffered or permitted Mora, Garcia Macario, Salazar and the Collective Classes to regularly perform work in excess of forty hours in a week in various workweeks since July 25, 2011.

23. Since July 25, 2011, Pallas Restaurant's policy is to compensate its Cooks and Dishwashers at a flat weekly rate for all hours worked in a workweek, including hours worked in excess of forty hours in a workweek.

24. Pallas Restaurant does not compensate its Cooks and Dishwashers at a rate of one and one-half times the class members' regular rate of pay for hours worked in excess of forty hours within any given workweek.

25. As a result of Pallas Restaurant's policy to pay its Cooks and Dishwashers a flat weekly rate regardless of the number of hours of work

performed, Pallas Restaurant's Cooks and Dishwashers were not paid overtime compensation at various times since July 25, 2011.

26. As a result of Pallas Restaurant's policy to pay its Cooks and Dishwashers a flat weekly rate regardless of the number of hours of work performed, Pallas Restaurant's Cooks and Dishwashers were not paid an hourly rate of at least $7.25 for all hours in which they were suffered or permitted to work at various times since July 25, 2011.

27. On information and belief, Pallas Restaurant has failed to keep records of the hours worked and pay received by Mora, Garcia Macario, Salazar and the Collective Classes since July 25, 2011.

28. Pallas Restaurant's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Mora, Garcia Macario, Salazar and the Collective Classes.

29. On information and belief, Glavas is involved in the management, supervision, and oversight of Yiannis, Inc. and Athos, Inc.; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decisions, and policy making; is involved in Yiannis, Inc.'s and Athos, Inc.'s day-to-day functions; has a role in determining the Cooks and Dishwasher's rate and method of compensation; and has control over the hours of work performed at Yiannis, Inc. and Athos, Inc.

30. On information and belief, Glavas specifically was involved in the decisions to implement certain policies that resulted in Yiannis, Inc.'s and Athos,

Inc.'s failure to pay its Cooks and Dishwashers overtime and minimum wage compensation, and as alleged herein.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

31. Mora, Garcia Macario, Salazar and the Collective Classes are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Pallas Restaurant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay minimum wage and/or overtime premium pay to each Cook and/or Dishwasher for hours suffered or permitted to be worked. The claims of Mora, Garcia Macario, and Salazar stated herein are the same as those of the Collective Classes.

32. Mora, Garcia Macario, and Salazar and the Collective Classes seek relief on a collective basis challenging, among other FLSA violations, Pallas Restaurant's practice of failing to pay employees the minimum wage and overtime compensation for all hours worked over 40 in a workweek.

33. The Collective Classes are readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Pallas Restaurant. Notice can be provided to the Collective Classes via first class mail to the last address known to Pallas Restaurant and through posting at Pallas Restaurant facility in areas where postings are normally made.

# FIRST CLAIM FOR RELIEF
## Violation of the Fair Labor Standards Act of 1938 as Amended
### (as to Plaintiffs Mora, Garcia Macario, and Salazar and those similarly situated)

34. Mora, Garcia Macario, and Salazar individually and on behalf of the Collective Classes, reassert and incorporate by reference all preceding paragraphs as if restated herein.

35. Since July 25, 2011, Mora, Garcia Macario, Salazar, and the Collective Classes have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

36. Yiannis, Inc. is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

37. Athos, Inc. is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

38. At times since July 25, 2011, Yiannis, Inc. was an employer of Mora, Garcia Macario, Salazar, and the Collective Classes as provided under the FLSA.

39. At times since July 25, 2011, Athos, Inc. was an employer of Mora, Garcia Macario, Salazar, and the Collective Classes as provided under the FLSA.

40. At times since July 25, 2011, Glavas was an employer of Mora, Garcia Macario, Salazar, and the Collective Classes as provided under the FLSA.

41. Pallas Restaurant violated the FLSA by failing to account for and compensate Mora, Garcia Macario, Salazar, and the Overtime Collective Class at an overtime rate of compensation for each hour that each class member worked over forty in each workweek.

42. Pallas Restaurant violated the FLSA by failing to account for and compensate Mora, Garcia Macario, Salazar, and the Minimum Wage Collective Class at an overtime rate of compensation for each hour that each class member worked over forty in each workweek.

43. Pallas Restaurant violated the FLSA by failing to maintain accurate records of the hours worked and pay received by Mora, Garcia Macario, Salazar, and the Collective Classes for their respective work at Pallas Restaurant since July 25, 2011.

44. Mora, Garcia Macario, Salazar, and the Collective Classes are entitled to damages equal to mandated minimum wages and overtime premium pay within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Pallas Restaurant acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

45. Pallas Restaurant's failure to properly compensate Mora, Garcia Macario, Salazar, and the Collective Classes was willfully perpetrated, and Mora, Garcia Macario, Salazar, and the Collective Classes are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

46. Alternatively, should the Court find that Pallas Restaurant did not act willfully in failing to pay minimum and overtime premium wages, Mora, Garcia Macario, Salazar, and the Collective Classes are entitled to an award of pre-

judgment interest at the applicable legal rate. Pursuant to 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Wages and Overtime
### (as to Plaintiffs Mora, Garcia Macario, and Salazar)

47. Mora, Garcia Macario, and Salazar re-allege and incorporate by reference all preceding paragraphs as restated herein.

48. Since July 25, 2012, Mora, Garcia Macario, and Salazar were employees of Pallas Restaurant within the meaning of Wis. Stat. §§ 109.01, 103.001, 104.01 *et seq.* as well as Wis. Admin. Code §§ DWD 272.01 and 274.01 *et seq.*

49. Since July 25, 2012, Yiannis, Inc. has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

50. Since July 25, 2012, Yiannis, Inc. has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

51. Since July 25, 2012, Yiannis, Inc. has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

52. Since July 25, 2012, Yiannis, Inc. has been an employer within the meaning of Wis. Admin. Code § DWD 272.01 *et seq.*

53. Since July 25, 2012, Yiannis, Inc. has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

54. Since July 25, 2012, Athos, Inc. has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

55. Since July 25, 2012, Athos, Inc. has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

56. Since July 25, 2012, Athos, Inc. has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

57. Since July 25, 2012, Athos, Inc. has been an employer within the meaning of Wis. Admin. Code § DWD 272.01 *et seq.*

58. Since July 25, 2012, Athos, Inc. has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

59. Since July 25, 2012, Glavas has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

60. Since July 25, 2012, Glavas has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

61. Since July 25, 2012, Glavas has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

62. Since July 25, 2012, Glavas has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

63. Since July 25, 2012, Glavas has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

64. Since July 25, 2012, Yiannis, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 109.01 *et seq.*

65. Since July 25, 2012, Yiannis, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 103.01 *et seq.*

66. Since July 25, 2012, Yiannis, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 104.01 *et seq.*

67. Since July 25, 2012, Yiannis, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

68. Since July 25, 2012, Yiannis, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

69. Since July 25, 2012, Athos, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 109.01 *et seq.*

70. Since July 25, 2012, Athos, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 103.01 *et seq.*

71. Since July 25, 2012, Athos, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 104.01 *et seq.*

72. Since July 25, 2012, Athos, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

73. Since July 25, 2012, Athos, Inc. has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

74. Since July 25, 2012, Glavas has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 109.01 *et seq.*

75. Since July 25, 2012, Glavas has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 103.01 *et seq.*

76. Since July 25, 2012, Glavas has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Stat. §§ 104.01 *et seq.*

77. Since July 25, 2012, Glavas has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Admin. Code § DWD 272.01 *et seq.*

78. Since July 25, 2012, Glavas has employed, and/or continues to employ Mora, Garcia Macario, and Salazar within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

79. Since July 25, 2012, Pallas Restaurant regularly suffered or permitted Plaintiffs Mora, Garcia Macario, and Salazar to perform work in excess of forty hours in a workweek without compensating Mora, Garcia Macario, and Salazar at a rate of one and one-half times their regular rates for such hours worked.

80. Since July 25, 2012, Pallas Restaurant regularly suffered or permitted Plaintiffs Garcia Macario and Salazar to perform work without compensating Mora, Garcia Macario, and Salazar at a rate $7.25 per hour for such work.

81. Since July 25, 2012, Pallas Restaurant violated Wisconsin law by failing to maintain accurate records of the hours worked and pay received by Mora, Garcia Macario, Salazar, and the Collective Classes for their respective work at Pallas Restaurant.

82. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

83. Wis. Admin. Code § DWD 274.03 requires employers to pay each employee time and one-half the regular rate of pay for all hours worked in excess of forty hours per week.

84. . Wis. Admin. Code § DWD 272.03 requires employers to pay each employee at least $7.25 per hour for all hours worked.

85. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

86. As set forth above, Mora, Garcia Macario, and Salazar have sustained losses in their compensation as a proximate result of Pallas Restaurant's violations.

Accordingly, Mora, Garcia Macario, and Salazar seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Pallas Restaurant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.011, Mora, Garcia Macario, and Salazar may be entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

87. Mora, Garcia Macario, and Salazar seek recovery of attorneys' fees and the costs of this action to be paid by Pallas Restaurant, pursuant to Wisconsin law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Mora, Garcia Macario, and Salazar, individually and on behalf of all members of the Collective Classes, request the following relief:

a) An order designating this action as a collective action on behalf of the Collective Classes and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order designating Gonzalo Mora, Jesus Garcia Macario, and Nasario Salazar as the Named Plaintiffs and as representatives of the Overtime Collective Class, designating Garcia Macario and Salazar as representatives of the Minimum Wage Collective Class, and awarding an incentive payment to each Named Plaintiff commensurate to their efforts in bringing this action;

c) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

d) Issuance of an Order, pursuant the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Pallas Restaurant actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

e) An order finding that Pallas Restaurant violated the FLSA and Wisconsin wage and hour laws;

f) An order finding that Pallas Restaurant's violations of the FLSA and Wisconsin law were willful;

g) Judgment against Pallas Restaurant in the amount equal to the Plaintiffs' and the Collective Classes' unpaid wages at the applicable minimum wage and/or overtime rates;

h) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs Mora, Garcia Macario, and Salazar hereby request a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 21st day of July, 2014.

> Respectfully submitted,
>
> /s/ Summer H. Murshid
> Larry A. Johnson
> State Bar No. 1056619
> Summer Murshid
> State Bar No. 1075404
> Timothy P. Maynard
> State Bar No. 1080953
> Attorneys for the Plaintiff
>
> **Hawks Quindel, S.C.**
> 222 East Erie Street
> Suite 210
> P.O. Box 442
> Milwaukee, WI 53201-0442
> Telephone: 414-271-8650
> Fax: 414-271-8442
> Email(s): ljohnson@hq-law.com

smurshid@hq-law.com
tmaynard@hq-law.com