# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this __ day of September, 2014, by Yiannis, Inc. d/b/a Pallas Restaurant, Athos, Inc. d/b/a Pallas Restaurant, and George Glavas (collectively "Pallas Restaurant") and Gonzalo Mora, Jesus Garcia Macario, and Nasario Salazar ("Employees"). Employees and Pallas Restaurant will be referred to herein as the "Parties."

1. Employees filed a lawsuit against Pallas Restaurant in the United States District Court for the Eastern District of Wisconsin, Case No. 14-CV-00862-WEC (the "Action"). The Parties have entered into this Agreement to resolve the Action and to resolve Employees' claims for unpaid wages under the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws during Employees' respective employments by Pallas Restaurant.

2. In consideration of the representations and undertakings in this Agreement, Pallas Restaurant agrees to pay the total sum of $35,000.00 by October 2, 2014. The $35,000.00 will be paid in seven checks as follows:

    a. $12,156.67 to Hawks Quindel, S.C. for attorneys' fees and costs;

    b. $3,126.05 to Jesus Garcia Macario which will be considered wages and is subject to normal payroll withholdings by Pallas Restaurant;

    c. $3,126.04 to Jesus Garcia Macario which will be considered liquidated damages and for which Pallas Restaurant will issue Jesus Garcia Macario an IRS Form 1099 from;

    d. $7,551.95 to Nasario Salazar which will be considered wages and is subject to normal payroll withholdings by Pallas Restaurant;

e. $7,551.95 to Nasario Salazar which will be considered liquidated damages and for which Pallas Restaurant will issue Nasario Salazar an IRS Form 1099 from;

f. $743.67 to Gonzalo Mora which will be considered wages and is subject to normal payroll withholdings by Pallas Restaurant; and

g. $743.67 to Gonzalo Mora which will be considered liquidated damages and for which Pallas Restaurant will issue Gonzalo Mora an IRS Form 1099 from.

All payments should be remitted to Hawks Quindel, S.C. at 222 East Erie Street, Suite 210, Milwaukee, WI 53202.

3. Within ten days of receipt of the payments set forth in paragraph 2 above, Employees agree that they shall prepare and file all documents to dismiss the Action with prejudice and without further costs or attorneys' fees to any Party.

4. Time is of the essence. Should Pallas Restaurant fail to make any payment as set forth in paragraph 2 above, or should any payment be rejected for insufficient funds, Pallas Restaurant shall be construed to have breached this Agreement. Pallas Restaurant shall have ten days from the date of breach to cure such breach by delivering payment to Hawks Quindel, S.C. as stated in Paragraph 2 above.

5. Employees agree that by signing this Agreement, and accepting the consideration described herein, they unconditionally and irrevocably release Pallas Restaurant from all claims arising under the Fair Labor Standards Act and Wisconsin's wage and hour laws for minimum wages and/or overtime compensation

through the date of this Agreement. This release does not apply to claims which might arise after the date on which this Agreement is signed. This release shall not affect Employees' rights or claims that cannot be waived by law, Employees' potential eligibility for unemployment insurance benefits, or rights or claims which arise after the date of Employees' execution of this Agreement.

6. Nothing in the Agreement prevents any Party from initiating legal action to enforce its rights under this Agreement. If any legal action is brought by a Party to enforce its rights under this Agreement, the prevailing Party in that legal action shall be entitled to reimbursement of all attorneys' fees and costs it incurred to enforce its rights or defend the legal action.

7. This Agreement sets forth the entire Agreement between the Parties and, unless specifically noted, supersedes any and all prior agreements, discussions, or understandings between the Parties relating to the subject matter of this Agreement.

8. This Agreement shall be construed by and interpreted in accordance with the laws of the State of Wisconsin. If any of its provisions are held to be invalid or unenforceable by a court of competent jurisdiction, that holding shall not affect any other provision of this Agreement. It is the intent of the Parties that the provisions of this Agreement are severable.

9. Nothing in this agreement shall be considered as an admission of liability, fault, or violation of any law.

Dated this 6th day of September, 2014.

**Plaintiff Gonzalo Mora**

_____
Gonzalo Mora

**Plaintiff Jesus Garcia Macario**

_____
Jesus Garcia Macario

**Plaintiff Nasario Salazar**

NASARIO.S
_____
Nasario Salazar

**Defendant Yiannis, Inc. d/b/a Pallas Restaurant**

_____
By: George Glavas
Its: President

**Defendant Athos, Inc. d/b/a Pallas Restaurant**

_____
By: George Glavas
Its: President

**Defendant George Glavas**

_____
George Glavas